[No. 8910. Department One. March 6, 1911.]

Charles E. Packard *et al.*, *Appellants*, v. J. M. Booth *et al.*, *Respondents.*[1]

Specific Performance—Defenses—Failure to Pay Price—Nominal Damages. Specific performance of an oral contract to convey land, of which the vendees were put in possession without making any payment, will not be decreed where the vendees breached a condition relating to the payment of part of the purchase price, the price to be paid was the full market value, and the vendees had incurred but a nominal expense in building a fence.

Appeal from a judgment of the superior court for King county, Main, J., entered February 5, 1910, in favor of the defendants, after a trial on the merits before the court without a jury, in an action for specific performance. Affirmed.

*Arthur C. Dresbach.* (*F. A. Gilman*, of counsel), for appellants.

*Thomas T. Littell*, for respondents.

[1]Reported in 113 Pac. 774.

FULLERTON, J.—On March 20, 1909, the respondents Booth and wife, being then the owners of lot 4, in block 6, of Hillman's School House division of Green Lake addition to the city of Seattle, contracted to sell a strip 14 feet wide on the east side thereof to the appellants Packard  The contract was oral, and nothing was paid by the purchasers on the purchase price.  The parties, however, measured the strip upon the ground and erected a fence which divided the tract from the remaining part of the lot and made it a part of the enclosure belonging to the appellants.  The appellants immediately entered upon and took possession of the tract and continued thereon until about June 19, 1909, when the respondents re-entered, removed the fence, and ousted them therefrom.  The appellants thereupon brought the present action to enforce a specific performance of the contract.  In their complaint, after alleging the facts we have recited, further alleged that they had agreed to pay for the land the sum of $325 on or before December 1, 1909; that they were able and willing at that time to pay the purchase price of the land, and prayed that they be allowed to pay the same into court for the respondents and have a decree of the court enforcing a specific performance of the contract.

The respondents answered, admitting the oral contract to convey, the fact that the land had been marked off and the appellants put into possession thereof, and the subsequent re-entry by the respondents, but denied that the consideration for the transfer was as the appellants had stated it.  On the contrary, they alleged that the purchase price of the property was $350, and such proportionate share of the charges for public improvements levied upon lot 4 as the part contracted to be sold bore to the whole lot; further alleging that $50 of the principal sum was to be paid on May 1, 1909, and the balance on December 1, 1909, and that the special assessments were to be paid at the time they became due.  They further alleged that, at the time the first payment of $50 became due, they demanded the same of the appellants, who

failed and refused to pay the same or any part thereof; that they thereupon notified the appellants that the agreement to convey would be, and·was, terminated; and that they re-entered into possession of the tract agreed to be conveyed, after they had demanded payment of the first installment of the purchase price and payment thereof had been refused.

On the trial the appellant Charles E. Packard testified to the contract substantially as it was alleged in his complaint, while the respondents' theory was supported by the testimony of J. M. Booth and Charlotte L. Booth. The court made no findings of fact or conclusions of law, but at the conclusion of the case entered judgment in favor of the respondents, and this appeal was taken therefrom.

On the disputed questions of fact presented by the record we are constrained to adopt that view which supports the judgment of the trial court. It is supported by two witnesses, and a careful examination of the evidence fails to convince us that they were of less probity than was the witness testifying for the appellants. There was then a breach of the contract on the part of the appellants with reference to the payment of the purchase price, and the question for determination is, will the court enforce a specific performance of the contract in spite of this breach. Ordinarily, where a great injury will result to a party to a contract if the other party is allowed to repudiate it, it will be specifically enforced, notwithstanding some breach of its conditions may have been made by the party seeking to have it enforced, and this particularly if the breach is a violation of some condition relating to the payment of the purchase price, the governing principle being to give aid to that party having the greater equities. But here the appellants suffered but nominal damages, if any, by reason of the rescission. The construction of the fence cost but a nominal sum, and the witnesses all testify that the price agreed to be paid for the land was its full market value. There is, therefore, nothing in the case that appeals to a court of equity, and we think the trial court ·

was right in leaving the appellants to such remedies as the law affords them.

The judgment is affirmed.

GOSE, MOUNT, and PARKER, JJ., concur.